# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **NATALIE MARIE STEVENSON, mother, personal representative, and heir to LINDSEY GOGGIN, deceased; and THE ESTATE OF LINDSEY GOGGIN, by her Personal Representative Natalie Stevenson,** <br><br> Plaintiffs, <br><br> v. <br><br> **SALT LAKE COUNTY, et al.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:12-cv-44-PMW <br><br><br><br> Magistrate Judge Paul M. Warner |

All parties in this case have consented to United States Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court are Plaintiffs' (1) request for a hearing;[2] (2) motion for an extension of time to conduct discovery, designate expert witnesses, and file motions;[3] and (3) motion for an extension of time to respond to Defendants' motion for summary judgment.[4]

---

[1] *See* docket no. 33.

[2] *See* docket no. 61.

[3] *See* docket no. 45.

[4] *See* docket no. 58.

The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f). Accordingly, Plaintiffs' request for a hearing is denied.

## **BACKGROUND**

Plaintiffs filed their complaint in this case over two years ago, on January 13, 2012.[5] On June 22, 2012, the first scheduling order was entered in this case,[6] which set the following deadlines:

| | |
|---|---|
| Fact discovery: | December 14, 2012 |
| Plaintiff's expert reports: | February 15, 2013 |
| Defendant's expert reports: | March 15, 2013 |
| Expert counter-reports: | April 19, 2013 |
| Expert discovery: | May 31, 2013 |
| Dispositive motions: | June 28, 2013 |

According to Defendants, Plaintiffs did not engage in any discovery before expiration of the original fact discovery deadline of December 14, 2012. By contrast, Defendants served their first set of written discovery requests on Plaintiffs on September 24, 2012.

In late-November or early-December 2012, one of Plaintiffs' counsel, Mary C. Corporon ("Ms. Corporon"), contacted Defendants' counsel to request a three-month extension of the

---

[5] *See* docket no. 1.

[6] *See* docket no. 38.

discovery schedule. According to Defendants, Ms. Corporon did not provide any explanation for the failure to conduct any discovery during the initial discovery period. Nevertheless, Defendants' counsel agreed to the requested extension of time. Defendants' counsel further suggested that three months would likely not be enough time for Plaintiffs to conduct all of the discovery Ms. Corporon indicated that Plaintiffs would be seeking. Accordingly, Defendants' counsel suggested a six-month extension of the discovery schedule. Shortly thereafter, Plaintiffs responded, in part, to Defendants' first set of written discovery requests.

On January 16, 2013, the court granted the parties' stipulated motion to extend certain deadlines.[7] The fact discovery deadline was extended to June 14, 2013, the expert discovery deadline was extended to November 29, 2013, and the dispositive motion deadline was extended to January 31, 2014.

Because of the number of depositions Plaintiffs indicated they would be conducting, and because Defendants' counsel planned to be out of the office on maternity leave for several weeks in early 2013, Defendants' counsel suggested, in February 2013, that Plaintiffs' counsel promptly send a list of proposed deponents so that the parties could begin scheduling the depositions. According to Defendants, Plaintiffs' counsel did not respond to those requests.

After entry of the January 16, 2013 order, Defendants continued with their own fact discovery. Defendants also served their expert witness designations on Plaintiffs on November 27, 2013. According to Defendants, Plaintiffs did not engage in any fact discovery before the extended fact discovery deadline of June 14, 2013. Plaintiffs likewise did not designate or

---

[7] *See* docket no. 42.

disclose any expert witnesses before expiration of the extended expert discovery deadline of November 29, 2013.

On January 14, 2014, approximately two weeks before the extended deadline for dispositive motions of January 31, 2014, Plaintiffs filed their motion for an extension of time to conduct discovery, designate expert witnesses, and file motions. This motion served as the first notice to Defendants, as well as to the court, of familial difficulties that Ms. Corporon had been experiencing from December 2012 through the entirety of 2013.[8]

On January 31, 2014, on the deadline for dispositive motions, Defendants filed a motion for summary judgment.[9] Defendants contend that they have invested substantial time in consulting witnesses and researching and drafting that motion.

Defendants note that Plaintiffs are represented in this case not only by Ms. Corporon, but also by another attorney. Defendants further note that both of Plaintiffs' counsel of record engage in practice at a large law firm, which employs a large number of litigation attorneys. Finally, Defendants note that Ms. Corporon continued to maintain an otherwise active law practice during 2013, including the representation of various criminal defendants in fraud and homicide cases.[10]

---

[8] An affidavit of Ms. Corporon explaining these familial difficulties was filed under seal by Plaintiffs, presumably because of the sensitive and confidential nature of the affidavit. *See* docket no. 46. To protect Ms. Corporon's privacy, the court will not discuss the details of her sealed affidavit.

[9] *See* docket no. 51.

[10] *See* docket no. 47, Exhibit 3.

**ANALYSIS**

As indicated above, the motions before the court are Plaintiffs' motion for an extension of time to conduct discovery, designate expert witnesses, and file motions; and Plaintiffs' motion for an extension of time to respond to Defendants' motion for summary judgment. The court will address the motions in turn.

### I. Plaintiffs' Motion for an Extension of Time to Conduct Discovery, Designate Expert Witnesses, and File Motions

This motion seeks to modify the current scheduling order in this case. In the Tenth Circuit, "district courts are given wide latitude" in determining whether to amend a scheduling order, and the Tenth Circuit "reverse[s] only for abuse of discretion." *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

Pursuant to rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 Fed App'x 57, 61 (10th Cir. 2009) (quotations and citation omitted).

> The party seeking relief from the schedule must show that it could not have reasonably met the deadline despite its diligence. The absence of prejudice to the opposing party does not constitute an affirmative showing of good cause to alter the schedule ordered by the court. The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline.

*Sithon Maritime Co. v. Holiday Mansion*, No. 96-2262-KHV, 1999 U.S. Dist. LEXIS 1466, at *7 (D. Kan. Feb. 8, 1999) (quotations and citations omitted).

5

In their short motion, which is less than one page in length, Plaintiffs present no argument concerning their diligence to meet any of the deadlines in this case. Instead, Plaintiffs simply reference Ms. Corporon's sealed affidavit.

In response to Plaintiffs' motion, Defendants argue, among other things, that Plaintiffs have failed to demonstrate good cause to modify the scheduling order. Defendants contend that Plaintiffs were not reasonably diligent in pursuing this case. Defendants note that discovery opened in this case in June 2012, over eighteen months before the filing of Plaintiffs' motion, and six months before Ms. Corporon's familial difficulties arose. Defendants further note that despite having been granted an extension of time to complete discovery, Plaintiff has never served any written discovery, noticed any depositions, or engaged in any fact discovery at all.

Moreover, Defendants argue, even if Plaintiffs could demonstrate at least some diligence in pursuing their case, the circumstances described in Ms. Corporon's affidavit do not demonstrate that Plaintiffs "could not have reasonably met the deadline[s] despite [their] diligence." *Id*. Defendants present the following contentions in support of that argument.

First, Defendants assert that even if Ms. Corporon was unable to pursue this case during the entirety of 2013, Plaintiffs have provided no explanation why their other counsel of record, or any other litigation attorney employed by Plaintiffs' counsel's law firm, did not pursue the case. Defendants note that Ms. Corporon's own sealed affidavit indicates that her familial difficulties arose in December 2012, which was after the discovery period commenced in June 2012 and before the original deadlines in this case were extended at Ms. Corporon's request. As such, Ms. Corporon had approximately six months to commence discovery before her familial difficulties arose, six months after the difficulties arose to arrange for assistance in meeting the extended fact

discovery deadline of June 14, 2013, and eleven months after the difficulties arose to arrange for assistance in meeting the extended expert discovery deadline of November 29, 2013.

Second, Defendants contend that, even taking into account Ms. Corporon's familial difficulties, those difficulties do not explain Plaintiffs' total disregard of this case from June to December 2012 (before the difficulties arose) and for the entirety of 2013. Indeed, Ms. Corporon has provided no explanation as to why she never provided any notification to the court or Defendants' counsel during 2013 of the difficulties she was experiencing. Instead, Ms. Corporon waited until approximately six months after the close of fact discovery and approximately two weeks prior to the dispositive motion deadline to move for any extensions of time.

Third, Defendants maintain that, despite Ms. Corporon's familial difficulties, she maintained what appears to be an active law practice in other cases during 2013. In support of that contention, Defendants reference several publicly available articles indicating that Ms. Corporon's law practice in 2013 included, among other things, representations of clients in various trials and other criminal matters.[11]

Finally, Defendants argue that, unlike Plaintiffs, they have complied with all deadlines in this case and have invested substantial time in consulting witnesses and researching and drafting their motion for summary judgment. Defendants contend that allowing Plaintiffs to essentially restart this case would result in substantial prejudice to Defendants.

---

[11] *See id*.

Notably, Plaintiffs did not file a reply memorandum in support of their motion to rebut any of the foregoing arguments presented by Defendants.

While the court is sympathetic to Ms. Corporon's familial difficulties, the court agrees with all of Defendants' arguments. For the reasons set forth in those arguments, the court concludes that Plaintiffs have not established "good cause" for amending the scheduling order in this case. Fed. R. Civ. P. 16(b)(4). The court has determined that Plaintiffs have not been "diligent in attempting to meet the deadlines" in this case and have failed to provide "an adequate explanation for any delay." *Strope*, 315 Fed App'x at 61 (quotations and citation omitted). Plaintiff's short motion does not "show that [they] could not have reasonably met the deadline despite [their] diligence." *Sithon Maritime Co.*, 1999 U.S. Dist. LEXIS 1466, at *7. Further, as the party seeking to amend the scheduling order, Plaintiffs are "normally expected to show good faith on [their] part and some reasonable basis for not meeting the deadline[s]." *Id*. (quotations and citation omitted). The court concludes that Plaintiffs have not done so. The court reminds Plaintiffs that they initiated this case and that they had an obligation to prosecute it in a timely fashion. After being brought into court by Plaintiffs, Defendants have a right to an efficient and timely conclusion to this case.

Based on the foregoing, Plaintiffs' motion for an extension of time to conduct discovery, designate expert witnesses, and file motions is denied.

## II. Plaintiffs' Motion for an Extension of Time to Respond to Defendants' Motion for Summary Judgment

As an initial matter with respect to this motion, the court will, out of an abundance of caution, address whether Plaintiffs' short motion could potentially be construed as a motion under rule 56(d) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(d). Rule 56(d)

provides: "If a nonmovant shows by *affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d) (emphasis added).

Plaintiffs' motion does not comply with rule 56(d). Indeed, Plaintiffs have not submitted any affidavit or declaration along with their short motion. As such, the court will not construe Plaintiffs' motion as being brought under rule 56(d).

Instead, the court will address the only request contained in the motion, which is Plaintiffs' request for an extension of time to respond to Defendants' motion for summary judgment. Plaintiffs ask the court to extend the time for their response until after the court rules upon Plaintiffs' motion for an extension of time to conduct discovery, designate expert witnesses, and file motions. The court has ruled on that motion above.

Accordingly, Plaintiffs' motion for an extension of time to respond to Defendants' motion for summary judgment is granted. Plaintiffs shall file their response to Defendants' motion for summary judgment on or before June 9, 2014.

## CONCLUSION AND ORDER

In summary, **IT IS HEREBY ORDERED:**

1. Plaintiffs' request for a hearing[12] is **DENIED**.

---

[12] *See* docket no. 61.

9

2. Plaintiffs' motion for an extension of time to conduct discovery, designate expert witnesses, and file motions[13] is **DENIED**.

3. Plaintiffs' motion for an extension of time to respond to Defendants' motion for summary judgment[14] is **GRANTED**. Plaintiffs shall respond to Defendants' motion for summary judgment on or before June 9, 2014.

**IT IS SO ORDERED**.

DATED this 7th day of May, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[13] *See* docket no. 45.

[14] *See* docket no. 58.